**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| W.B., a minor, | ) |
| by and through his parents | ) |
| EDWARD McDANIEL and REBECCA McDANIEL,) | |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | )     Civil Action No.: [_____] |
| ROCKY HILL MIDDLE SCHOOL, | ) |
| ROCKY HILL MIDDLE SCHOOL BOARD | ) |
| OF EDUCATION, | ) |
| DARRYL V. JOHNSON, Principal, | ) |
| TROY HORSLEY, Assistant Principal, | ) |
| DANIEL MILLER, Assistant Principal, | ) |
| MAGDALENA YANES, Assistant Principal, | ) |
| and JOHN/JANE DOE INDIVIDUALS 1-10, | ) |
| Defendants. | ) |

**COMPLAINT**
**(42 U.S.C. § 1983 - Failure to Protect)**

**Plaintiffs, WB, by and through his parents, Edward McDaniel and Rebecca McDaniel,** by way of Complaint against the Defendants, allege and state as follows:

**INTRODUCTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, seeking redress for the violation of WB's rights under the Fourteenth Amendment to the United States Constitution. Defendants, through their deliberate indifference, failed to protect Plaintiff from repeated acts of assault and battery on school premises, resulting in substantial physical, emotional, and psychological harm. Moreover, Defendants' actions, or lack thereof, contributed to ongoing trauma, discrimination, and a hostile learning environment for Plaintiff. This Complaint seeks to hold Defendants accountable for their failure to provide the protections guaranteed to Plaintiff under the Constitution and Maryland law.

**PARTIES**

2. **Plaintiff, WB** ("Plaintiff Blackmon"), is a minor residing in Clarksburg, Maryland, and at all times relevant hereto, he was a student at Rocky Hill Middle School, a public school operated by Defendant Rocky Hill Middle School Board of Education. Plaintiff was

entitled to a safe, supportive, and secure learning environment, as guaranteed by federal and state law.

3. **Plaintiffs, Edward McDaniel and Rebecca McDaniel** ("Plaintiff Parents"), are the parents and legal guardians of Plaintiff Blackmon, residing in Clarksburg, Maryland. As parents, they are vested with the responsibility and authority to bring this action on behalf of their minor son to vindicate his constitutional and civil rights.

4. **Defendant, Rocky Hill Middle School** ("Defendant Rocky Hill"), is a public middle school located in Clarskburg, Maryland, and operates under the auspices of the Rocky Hill Middle School Board of Education. At all relevant times, Defendant Rocky Hill had a legal duty to ensure a safe educational environment for its students, including Plaintiff Blackmon.

5. **Defendant, Rocky Hill Middle School Board of Education** ("Defendant School Board"), is a governmental entity responsible for the administration, supervision, and oversight of public schools, including Rocky Hill Middle School. The School Board is charged with ensuring the safety, well-being, and educational progress of the students under its care, which includes protecting students like Plaintiff Blackmon from foreseeable harm.

6. **Defendant, Darryl V. Johnson** ("Defendant Johnson"), is the Principal of Rocky Hill Middle School and is responsible for the overall safety and supervision of the school and its students. As Principal, Defendant Johnson was directly responsible for overseeing the actions of his staff, including the assistant principals and other school officials, to ensure the safety of students such as Plaintiff Blackmon.

7. **Defendant, Troy Horsley** ("Defendant Horsley"), is an Assistant Principal at Rocky Hill Middle School. Defendant Horsley was responsible for student supervision, enforcement of school policies, and ensuring the safety of students under his care, including Plaintiff Blackmon.

8. **Defendant, Daniel Miller** ("Defendant Miller"), is an Assistant Principal at Rocky Hill Middle School. Defendant Miller was aware of growing tensions between Plaintiff Blackmon and other students and was directly involved in student discipline and safety matters. Despite his awareness of the substantial risk to Plaintiff, Defendant Miller failed to intervene or take appropriate preventative actions.

9. **Defendant, Magdalena Yanes** ("Defendant Yanes"), is an Assistant Principal at Rocky Hill Middle School. Defendant Yanes was similarly responsible for enforcing school policies and ensuring student safety and discipline.

10. **Defendants, John/Jane Doe Individuals 1-10** ("Defendant Individuals"), are employees, agents, or officials of Defendant Rocky Hill and/or Defendant School Board who were at

2

all times acting under color of state law. The true names and capacities of these individuals are presently unknown, but they are responsible for the supervision of students, enforcement of school policies, and maintaining a safe environment for all students, including Plaintiff Blackmon. Plaintiffs will amend the Complaint to include their identities once ascertained.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under federal law, specifically 42 U.S.C. § 1983.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this action occurred within the District of Maryland.

**FACTUAL ALLEGATIONS**

13. At all relevant times, Plaintiff Blackmon was a student at Rocky Hill Middle School. Plaintiff, like all students, was entitled to a school environment that was free from violence, harassment, intimidation, and discriminatory treatment based on race. Defendants were aware of this obligation and had a duty to provide appropriate supervision, take reasonable steps to protect Plaintiff from known or foreseeable harm, and ensure that Plaintiff was not subjected to racial discrimination under Title IX.

14. On or about 1/26/2023, Plaintiff Blackmon became the target of bullying, harassment, and discrimination by certain students at Rocky Hill Middle School, in part due to his race. Despite multiple warning signs, including growing tensions between Plaintiff Blackmon and other students, Defendant Rocky Hill and its staff, including Principal Darryl V. Johnson, and Assistant Principals Troy Horsley, Daniel Miller, and Magdalena Yanes, failed to intervene or take adequate preventative measures to safeguard Plaintiff from potential harm or discriminatory treatment. Assistant Principal Daniel Miller was specifically made aware of these brewing tensions but chose not to take action, allowing the situation to escalate.

15. On or around 4/24/2024, Plaintiff Blackmon was subjected to an initial physical assault by fellow students on the school premises. This attack caused Plaintiff significant physical injuries and left him emotionally shaken. Despite clear evidence of the assault and Plaintiff's distress, the school administration and staff failed to take any disciplinary action against the offending students, failed to investigate the incident for racial motives, and took no steps to prevent future incidents, nor did they implement measures to ensure compliance with statutes and regulations against racial discrimination.

16. Plaintiff Blackmon's parents, Edward McDaniel and Rebecca McDaniel, reported the growing hostility and expressed their concerns to school officials, putting the school on

notice that Plaintiff was at risk of violence and bullying. They specifically informed Assistant Principal Daniel Miller of these concerns prior to the initial attack.

17. Despite having been notified of the risks, Defendants took no meaningful steps to protect Plaintiff Blackmon. On or about 5/1/2024, Plaintiff Blackmon was subjected to a second, more violent attack on school grounds. The second attack was particularly egregious, as multiple students recorded the assault on their cell phones in direct violation of school policy, which prohibits the use of cell phones on campus during school hours. The fact that several students were able to film the attack without intervention underscores the lack of adequate supervision by the school's staff and the failure of Defendants to enforce even the most basic school policies, statutory and regulatory protections against discriminatory actions based on race.

18. This second attack was even more severe than the first, leaving Plaintiff Blackmon with significant physical injuries, emotional distress, and psychological trauma. He was humiliated and subjected to ongoing bullying as the video of the attack circulated among students. Despite the public nature of this attack and its dissemination via video. They also failed to investigate whether racial discrimination played a role in the incidents.

19. As a direct result of the physical violence and the lack of protection afforded to him, Plaintiff Blackmon was terrified of returning to school. His parents, Edward McDaniel and Rebecca McDaniel, kept him home from school indefinitely out of concern for his safety and well-being. Rather than addressing the root cause of the absences—the Defendants' failure to protect Plaintiff and to enforce statutory and regulatory protections—Defendants treated the absences as unexcused and threatened to withdraw Plaintiff Blackmon from the school, effectively punishing him for being the victim of violent attacks and racially discriminatory treatment.

20. In addition to the physical injuries sustained during these incidents, Plaintiff Blackmon has experienced severe emotional and psychological trauma. He has required medical attention from multiple doctors and has entered counseling to cope with the long-term effects of the violence and the school's failure to protect him. Plaintiff continues to suffer from anxiety, depression, and ongoing emotional distress directly related to these events, which have been compounded by Defendants' failure to protect him from racial discrimination.

21. Throughout these incidents, Plaintiff Parents repeatedly notified school officials, including Defendants Johnson, Horsley, Miller, and Yanes, about the ongoing assaults, threats, bullying, and discriminatory treatment faced by their son. Each time, Defendants failed to take meaningful action to prevent further harm or to provide Plaintiff Blackmon with the protection and support he was entitled to, including protection from racial discrimination under federal statutes and regulations.

22. Defendants, acting under color of state law, demonstrated deliberate indifference to the known risks posed to Plaintiff Blackmon. They failed to uphold their duty to protect him from foreseeable harm, including race-based harm, thereby depriving him of his right to bodily integrity and safety, in violation of the Fourteenth Amendment's guarantee of due process and equal protection of the laws, as well as statutory and regulatory prohibitions on racial discrimination in education.

## CAUSE OF ACTION I

### (42 U.S.C. § 1983 – Failure to Protect)

23. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

24. Defendants Rocky Hill, Defendant School Board, Defendants Johnson, Horsley, Miller, Yanes, and Defendant Individuals, acting under color of state law, had a constitutional duty to protect Plaintiff Blackmon from known and foreseeable harm.

25. Defendants knew or should have known of the substantial risk of harm to Plaintiff Blackmon, given the repeated incidents of assault and battery on school premises, the numerous complaints made by Plaintiff Parents, and the awareness of Assistant Principal Daniel Miller before the initial attack.

26. Defendants acted with deliberate indifference to Plaintiff Blackmon's rights by failing to implement reasonable measures to protect him, failing to investigate race-based motives behind the bullying, and failing to provide adequate supervision.

27. Defendants also threatened to withdraw Plaintiff Blackmon from school due to absences that were a direct result of their failure to protect him. This action further reflects deliberate indifference to Plaintiff's rights and resulted in additional harm to his education.

28. As a result of Defendants' conduct, Plaintiff Blackmon has been deprived of his constitutional rights, including the right to bodily integrity, the right to be free from physical harm, and the right to equal protection of the laws under the Fourteenth Amendment.

29. Defendants' actions and inactions were a direct and proximate cause of Plaintiff Blackmon's injuries, entitling him to compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

## CAUSE OF ACTION II

### (Title IX – Race-Based Discrimination)

30. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

31. Defendants Rocky Hill, Defendant School Board, Defendants Johnson, Horsley, Miller, Yanes, and Defendant Individuals, acting in their capacity as educators and administrators of a federally funded public school, had a duty to ensure that Plaintiff Blackmon was not subjected to discriminatory treatment based on his race, in violation of federal statutes and regulations.

32. Defendants acted with deliberate indifference to the race-based harassment and bullying suffered by Plaintiff Blackmon, failed to take appropriate corrective actions to prevent ongoing racial discrimination, and failed to implement measures that would have provided Plaintiff Blackmon equal protection from harm.

33. Defendants treated Plaintiff Blackmon unfairly compared to similarly situated students of other races, specifically by failing to investigate the incidents as potential racial discrimination and by subjecting Plaintiff Blackmon to harsher treatment than other students who were not victims of racial discrimination.

34. Defendants' conduct, including their failure to act in accordance with Title IX protections, resulted in Plaintiff Blackmon being deprived of his right to be free from racial discrimination in an educational institution receiving federal funds.

35. As a result of Defendants' conduct, Plaintiff Blackmon has suffered physical injuries, emotional distress, psychological trauma, and educational disruption, entitling him to compensatory damages, punitive damages, and such other relief as the Court deems just and proper.

---

## CAUSE OF ACTION III

### (Negligence)

36. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

37. At all relevant times, Defendants Rocky Hill, Defendant School Board, Defendants Johnson, Horsley, Miller, Yanes, and Defendant Individuals had a duty to exercise reasonable care in the protection and supervision of students, including Plaintiff Blackmon.

38. Defendants breached this duty by failing to act upon known risks and by failing to provide reasonable supervision and protection after being put on notice of the potential attacks against Plaintiff Blackmon. Plaintiff's parents notified Assistant Principal Daniel

Miller and other school officials about the risks to Plaintiff, but no meaningful actions were taken to prevent the foreseeable harm.

39. Defendants were aware or should have been aware that Plaintiff Blackmon was at substantial risk of harm and that the bullying, harassment, and threats against him would likely result in physical violence. Despite this, Defendants failed to take reasonable measures to prevent the attacks, to enforce school policies, and to implement protective measures for Plaintiff's safety.

40. As a direct and proximate result of Defendants' negligence, Plaintiff Blackmon was subjected to multiple assaults and suffered physical injuries, emotional trauma, and psychological distress. Plaintiff also suffered educational disruption, as his ability to attend school was impaired due to fear for his safety.

41. As a result of Defendants' negligence, Plaintiff Blackmon has been damaged and is entitled to compensatory damages for physical, emotional, and psychological harm, as well as such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment in favor of Plaintiffs and against Defendants;

B. Award Plaintiffs compensatory damages in an amount to be determined at trial;

C. Award Plaintiffs punitive damages against the individual Defendants for their willful and malicious conduct;

D. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other federal statutes and regulations;

E. Award any additional damages and equitable relief deemed appropriate by the Court; and

F. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

THE LENTO LAW GROUP

BY: *Lawrence A. Katz, Esquire*
LAWRENCE A. KATZ
DMD Bar # 26686
NEW JERSEY OFFICE
525 Route 73 North
Suite 104
Marlton, NJ 08052
Phone: 856.652.2000 Ext. 497
Fax: 856.375.1010